**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH CASTANO,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT, LLC,<br><br>Defendant. | Civil Action No. 23-02833 (JKS)(MAH)<br><br>**OPINION**<br><br>April 12, 2024 |

**SEMPER**, District Judge.

Currently pending before the Court is Defendant Signature Flight Support, LLC's motion to dismiss Plaintiff Kenneth Castano's Complaint. (ECF 6-1.) Plaintiff filed a brief in opposition. (ECF 9.) Defendant replied. (ECF 10.)[1] The Court reviewed Plaintiff's Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

On October 29, 2019, Plaintiff filed a Complaint in New Jersey Superior Court alleging his former employer, Defendant Signature Flight Support, violated the New Jersey Law Against Discrimination ("NJLAD") by terminating him for missing work due to his medical condition.

---

[1] Defendant's brief in support of its motion (ECF 6-1) will be referred to as "Def. Br."; Plaintiff's brief in opposition (ECF 9) will be referred to as "Opp." Defendant's reply brief (ECF 10) will be referred to as "Reply."

(Compl. ¶¶ 10-13.)[2] On March 14, 2020, the New Jersey Superior Court filed a Lack of Prosecution Dismissal Warning that notified Plaintiff that his case would be dismissed for lack of prosecution on May 12, 2020. (ECF 1-1, Ex. B.) Three months later, on August 15, 2020, the Superior Court entered a Lack of Prosecution Dismissal Order. (ECF 1-1, Ex. C.)

On January 27, 2022, Plaintiff filed a Motion to Reinstate and Enter Default against Defendant, the same date on which he filed an Affidavit of Service claiming to have served the Summons and Complaint on Defendant. (ECF 1-1, Ex. D.) On February 18, 2022, the Superior Court entered an Order reinstating Plaintiff's Complaint and denying Plaintiff's request for default. (ECF 1-1, Ex. E.) On approximately February 23, 2022, Plaintiff submitted a Request for Default, which was improperly entered the following day. (ECF 1-1, Ex. F.) Because Defendant was not served with process, on or about March 15, 2022, Defendant filed a Motion to Vacate Order Reinstating Complaint and Entry of Default, which was granted on April 7, 2022. (ECF 1-1, Ex. G.) On or about March 23, 2022, Plaintiff attempted to serve the Summons and Complaint on Defendant. (ECF 1-1, Ex. H.) However, Plaintiff served an entity named "Signature Flight Solutions," not Defendant Signature Flight Support. (*Id.*) On April 7, 2022, Plaintiff served the Summons and Complaint on Defendant. (ECF 1-1, Ex. I.)

On April 19, 2022, Defendant removed the case to federal court. (ECF 1-2, Ex. J.) On May 12, 2022, Signature filed a motion to dismiss, which the District Court later denied as moot. *Castano v. Signature Flight Support LLC*, No. 22-2277, 2022 WL 17070123, at *2-4 (D.N.J. Oct. 27, 2022) *report and recommendation adopted sub nom*. On October 27, 2022, Magistrate Judge Allen recommended remanding the action because it had not been reinstated. *Id.* at *4. On

---

[2] Plaintiff's Complaint, as filed in New Jersey Superior Court, can be found at ECF 1-1, Ex. A.

November 17, 2022, the Court remanded the action and dismissed it without prejudice, as it had not been reinstated in state court prior to the removal. (*See* ECF 1-4, Ex. L.)

On March 31, 2023, Plaintiff filed a motion to reinstate the action in state court. (ECF 1-4, Ex. M.) Defendant opposed Plaintiff's motion and moved to dismiss. (ECF 1-4, Ex. N.) On April 28, 2023, the Superior Court reinstated the Complaint and denied Defendant's motion to dismiss without prejudice because the Complaint had not been reinstated when the motion was filed. (ECF 1-4, Ex. O.) On May 24, 2023, Signature removed the reinstated matter to federal court. (ECF 1.) On June 14, 2023, Defendant moved to dismiss due to an expiration of the statute of limitations.[3] (ECF 6.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure technically "require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). However, "[t]he law of this Circuit permits a statute of limitations defense to be raised as a Rule 12(b)(6)[4] motion if the 'time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Smith v. Brant Beach Yacht Club,* No. 18-1856, 2018 WL 1605161, at *2 (D.N.J. Apr. 3, 2018) (quoting *Schmidt*, 770 F.3d at 249 (internal citations omitted)). In other words, if a statute of limitations bar is apparent on the face of a complaint, then a defendant may raise a statute of limitations defense in a motion to dismiss. *Schmidt*, 770 F.3d at 249.

---

[3] In the alternative, Defendant argues that Plaintiff failed to effectuate service of process, and his Complaint should likewise be dismissed for this reason. (ECF 6-1, Def. Br. at 7-14.) Because the Court is granting the motion to dismiss due to the expiration of the statute of limitations, it need not address this argument.

[4] Defendant does not specify the subsection of Federal Rule of Civil Procedure 12 by which it moves to dismiss. However, the Third Circuit permits a statute of limitations defense to be raised pursuant to Rule 12(b)(6) in certain circumstances. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. "If, after construing the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim." *Barnett v. Rutgers Univ.*, No. 17-2503, 2018 WL 1385664, at *3 (D.N.J. Mar. 16, 2018).

**III.   ANALYSIS**

NJLAD claims are subject to a two-year statute of limitations. *Brown v. Camden City Sch. Dist.*, No. 19-00114, 2020 WL 6055070, at *5 (D.N.J. Oct. 13, 2020); *Alexander v. Seton Hall Univ.*, 8 A.3d 198, 203 (N.J. 2010) (citing *Montells v. Haynes*, 627 A.2d 654, 659 (N.J. 1993)). "In employment discrimination actions, the limitations period begins with the time of the discriminatory act." *Barnett v. Rutgers Univ.*, No. 17-2503, 2018 WL 1385664, at *4 (D.N.J. Mar. 16, 2018) (quoting *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 76 (3d Cir. 2006) (internal quotation and citation omitted)). The NJLAD "limitations clock begins to run on a discrete retaliatory act, such as discharge, on the date on which the act takes place." *Roa v. Roa*, 985 A.2d 1225, 1228 (N.J. 2010). Indeed, where a plaintiff alleges discrete acts of discrimination, "such as

termination, failure to promote, denial of transfer, or refusal to hire," the statute of limitations begins running from the date of the last discriminatory event. *See Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

"In calculating the date on which the present action was initiated for statute of limitation purposes, the Court notes that '[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed.'" *Ust v. Borough of Englewood Cliffs*, No. 17-13051, 2018 WL 4145905, at *3 (D.N.J. Aug. 30, 2018) (quoting *Moore v. Middlesex Cnty. Prosecutors Off.*, No. 16-3711, 2018 WL 2750237, at *3 (3d Cir. June 7, 2018) (quoting *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (quotation marks omitted))). An exception to this general rule exists only "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period," and when "the plaintiff meets those conditions." *Moore*, 2018 WL 2750237 at *3 (citing *Brennan*, 407 F.3d at 607).

The Complaint was filed on October 29, 2019. (*See generally* Compl.) The Complaint does not provide the dates upon which the alleged discriminatory acts occurred. (*See generally id.*) However, the Complaint alleges Plaintiff was terminated from his employment with Defendant. (*Id.* ¶ 12.) Therefore, Plaintiff was terminated prior to the filing of his Complaint, and the latest the alleged discriminatory acts could have occurred is the date of the Complaint's filing: October 29, 2019. (*See* Def. Br. at 6.) Consequently, the statute of limitations period expired on October 29, 2021.

On March 14, 2020, the Superior Court filed a Lack of Prosecution Dismissal Warning that notified Plaintiff that his case would be dismissed for lack of prosecution on May 12, 2020. (ECF 1-1, Ex. B.)  Three months later, on August 15, 2020, the New Jersey Superior Court, Law Division

entered a Lack of Prosecution Dismissal Order. (ECF 1-1, Ex. C.) The order did not contain specific conditions for reinstatement within a specified period. (*Id.*) On January 27, 2022, Plaintiff filed a Motion to Reinstate and Enter Default against Defendant, the same date on which he filed an Affidavit of Service claiming to have served the Summons and Complaint on Defendant. (ECF 1-1, Ex. D.) However, Plaintiff's motion came after the expiration of the statute of limitations on October 29, 2021.[5] Following a removal to federal court and remand to state court as summarized above, on March 31, 2023, Plaintiff filed another motion to reinstate the action in state court. (ECF 1-4, Ex. M.) Defendant opposed Plaintiff's motion and moved to dismiss. (ECF 1-4, Ex. N.) On April 28, 2023, the Superior Court reinstated the Complaint and denied Defendant's motion to dismiss without prejudice because the Complaint had not been reinstated when the motion was filed. (ECF 1-4, Ex. O.) On May 24, 2023, Signature removed the reinstated matter to federal court. (ECF 1.) On June 14, 2023, Defendant moved to dismiss due to an expiration of the statute of limitations. (ECF 6.) Because the statute of limitations expired on October 29, 2021, Plaintiff's case must be dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties

---

[5] The statute of limitations issue was not addressed at the time.