<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KENNETH CASTANO,

          Plaintiff,

v.

SIGNATURE FLIGHT SUPPORT, LLC,

          Defendant.

Civil Action No. 23-02833 (JKS)(MAH)

**OPINION**

November 22, 2024

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court upon Plaintiff Kenneth Castano's motion for reconsideration. (ECF 22.) Defendant Signature Flight Support filed a brief in opposition. (ECF 26.) The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

      **WHEREAS** this action arises from the termination of Plaintiff's employment with Defendant. (*See generally* ECF 1-1, Compl.) Plaintiff asserts that Defendant violated the New Jersey Law Against Discrimination ("NJLAD") because Defendant terminated Plaintiff's employment after he missed work to attend medical appointments. (*Id.* ¶¶ 10-13.) Defendant moved to dismiss Plaintiff's Complaint. (ECF 6.) On April 12, 2024, this Court issued an Opinion and Order granting Defendant's motion. (ECF 20; ECF 21.) On May 10, 2024, Plaintiff moved for reconsideration. (ECF 22); and

      **WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R.

7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at \*6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at \*2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at \*6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** Plaintiff asserts that this Court erred in dismissing his Complaint because the statute of limitations had not run. (ECF 22-1 at 2-6.) Plaintiff, however, does not cite to an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law to support this argument. Plaintiff asserts that the statute of limitations reverts back to the date his original complaint was filed in New Jersey Superior Court. (*Id.* at 2.) Yet, as this Court stated in its April 12, 2024 Opinion, "[i]n calculating the date on which the present action was initiated for statute of limitation purposes, the Court notes that '[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original

complaint is treated as if it never existed.'" *Ust v. Borough of Englewood Cliffs*, No. 17-13051, 2018 WL 4145905, at *3 (D.N.J. Aug. 30, 2018) (quoting *Moore v. Middlesex Cnty. Prosecutors Off.*, No. 16-3711, 2018 WL 2750237, at *3 (3d Cir. June 7, 2018) (quoting *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (quotation marks omitted))). An exception to this general rule exists only "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period," and when "the plaintiff meets those conditions." *Moore*, 2018 WL 2750237 at *3 (citing *Brennan*, 407 F.3d at 607). The New Jersey Superior Court's August 15, 2020 Lack of Prosecution Dismissal Order did not contain specific conditions for reinstatement within a specific time period. (ECF 1-1, Ex. C.) Accordingly, the exception to the general rule does not apply. *Ust*, 2018 WL 4145905, at *3 (explaining that where New Jersey state court dismissal orders did not contain a condition for reinstatement within a specified time period, the exception did not apply); and

**WHEREAS** Plaintiff fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its April 12, 2024 Opinion and Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Therefore, Plaintiff's motion for reconsideration is hereby **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties